# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-CR-159 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| JAIME SANDOVAL, | |
| Defendant(s). | |

Presently before the court is petitioner Jaime Sandoval's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 92).

**I.     Facts**

On June 2, 2015, a grand jury indicted petitioner for one count of carjacking in violation of 18 U.S.C. § 2119, one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and two counts for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1).

On July 19, 2016, petitioner entered into a plea agreement with the government and pleaded guilty to (1) carjacking and (2) use of a firearm during and in relation to a crime of violence. (ECF Nos. 83, 86). The plea agreement included, *inter alia*, a waiver of the right to appeal his conviction and sentence, except an upward departure, and all non-waivable claims of ineffective assistance of counsel. (ECF No. 86).

In the plea agreement and at the change of plea hearing, petitioner admitted that he approached two victims who were sitting in a vehicle, opened the rear door, pointed a sawed-off shotgun at the victims, and told them to get out of the vehicle. (ECF Nos. 86, 98). Petitioner further admitted that after the victims complied, he got inside the vehicle and drove away. *Id*.

**James C. Mahan**
**U.S. District Judge**

Lastly, petitioner admitted that he committed the offense with the intent to seriously harm or kill the victims. *Id.*

On October 19, 2016, the court sentenced petitioner to forty-seven (47) months of custody for carjacking and eighty-four (84) months of custody for use of a firearm during and in relation to a crime of violence to be served consecutively. (ECF Nos. 88). The court entered final judgment on October 20, 2016. (ECF No. 91).

Now, petitioner moves to vacate, arguing ineffective assistance of counsel based on two separate grounds. (ECF No. 92).

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

**III.    Discussion**

Petitioner moves to vacate based on two separate grounds: (1) carjacking does not constitute a crime of violence and (2) ineffective assistance of counsel. (ECF No. 92).

*a.  Crime of violence*

18 U.S.C. § 924(c)(1)(A) provides for certain penalties for a person "who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Subsection (3) of 18 U.S.C. § 924(c) defines the term "crime of violence" as an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Johnson*, the Supreme Court found that the residual clause of 18 U.S.C. § 924(e), which contains language that is nearly identical to § 924(c)(3)(B), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557–58 (2015). *Johnson* did not address the constitutionality of § 924(c)(3)(B) and neither has the Ninth Circuit. However, in *Dimaya*, the Ninth Circuit held that the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague based on the holding in *Johnson*, and the Supreme Court later affirmed that holding. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018); *see also Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015).

§ 16(b)'s definition of crime of violence is virtually identical to § 924(c)'s definition of crime of violence. As a result, district courts typically hold that *Dimaya* compels the conclusion that § 924(c)(3)(B) is unconstitutionally vague. *See Wade v. United States*, 242 F. Supp. 3d 974, 979 (C.D. Cal. 2017); *see also Gaybor v. United States*, No. CV-16-04598-PHX-SMM, 2018 WL 4519200, at *6 (D. Ariz. May 9, 2018).

Contrary to petitioners' contention, *Johnson* does not require this court to hold that carjacking is not a crime of violence. The constitutionality of § 924(c)(3)(B) is an irrelevant issue in this case because carjacking is categorically a crime of violence under a different statutory provision, namely § 924(c)(3)(A). *See United States v. Gutierrez*, 876 F.3d 1254, 1256-57 (9th Cir. 2017) (per curiam). Thus, the court will deny petitioner's motion as it pertains to his first ground.

### b. *Ineffective assistance of counsel.*

To prevail on a claim of ineffective assistance of counsel, the petitioner must show deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"First, the defendant must show that counsel's performance was deficient." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight . . ." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

Petitioner appears to argue that his defense counsel performed deficiently and prejudiced his case by failing to argue that carjacking is not a crime of violence. (ECF No. 92). Petitioner is mistaken regarding the litigation history of this case. On September 10, 2015, petitioner's counsel filed a motion arguing that carjacking is not a crime of violence. (ECF No. 23). On February 17, 2016, after all the parties submitted the relevant filings, the court denied the motion to dismiss. (ECF No. 55). Thus, petitioner's counsel did not fail to argue that carjacking is not a crime of violence.

Petitioner also appears to argue that his defense counsel performed deficiently by allowing him to plead guilty to carjacking because the vehicle he took was never recovered. (ECF No. 92). Carjacking pursuant to § 2119 requires the government to prove:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall [be punished according to law].

18 U.S.C. § 2119; *Unites States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017). As evidenced by the content of the plea agreement and the transcript of the change of plea hearing, petitioner admitted facts necessary to be guilty of carjacking under § 2119. (ECF Nos. 86, 98). Moreover, the statute does not require law enforcement officials to recover the stolen vehicle. *See* 18 U.S.C.

James C. Mahan
U.S. District Judge

- 4 -

§ 2119. Therefore, petitioner's counsel did not perform deficiently by allowing petitioner to plead guilty.

In light of the foregoing, petitioner has failed to show that his sentence is unconstitutional. Accordingly, because petitioner has failed to show that his sentence is unconstitutional, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

*c. Certificate of appealability*

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

James C. Mahan
U.S. District Judge

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Jaime Sandoval's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 92) be, and the same hereby is, DENIED.

The clerk is directed to enter a separate civil judgment denying petitioner's § 2255 motion in the matter of *Sandoval v. United States*, case number 2:17-cv-02648-JCM.

DATED February 5, 2019.

_____
UNITED STATES DISTRICT JUDGE